JACOB L. PRAWAT,

          Plaintiff,

    v.                                     CAUSE NO. 3:19-CV-1082-RLM-MGG

JOHN T. BOYD, *et al.*,

          Defendants.

## OPINION AND ORDER

Jacob L. Prawat, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Prawat alleges that, for three separate medical encounters, jail staff did not comply with his request for privacy of his medical information. "Prisoners, though, at best have very limited privacy rights, and we have not previously held in a published opinion that they enjoy a constitutional right to privacy in their medical information." *Franklin v. McCaughtry*, 110 F. App'x 715, 719 (7th Cir. 2004). In *Franklin*, the Seventh Circuit Court of Appeals suggested that "the purposeful dissemination of intensely private medical information about the complaining inmates" may violate the inmates' constitutional rights. *Id.* However, the appellate court held that the mere presence of

correctional staff and fellow inmates during medical appointments for "fairly pedestrian maladies" did not. *Id.* In the complaint, Mr. Prawat vaguely refers to medical information and raises only the fear that jail staff will discuss such information with each other. In light of *Franklin*, these allegations are insufficient to plausibly state a constitutional violation. Additionally, though Mr. Prawat also asserts a violation of his rights under the Health Insurance Portability and Accountability Act, this act "confers no private right of action." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019).

Moreover, "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Though Mr. Prawat names three individual defendants, he does not explain how they were personally involved with his requests for medical privacy. Consequently, Mr. Prawat may not proceed on this complaint.

Though Mr. Prawat cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons:

(1) DIRECTS the clerk to send Jacob L. Prawat a copy of the court's form for a Prisoner Complaint (INND Rev. 8/16);

(2) GRANTS Jacob L. Prawat until <u>January 6, 2020</u> to file an amended complaint; and

(3) CAUTIONS Jacob L. Prawat that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

December 9, 2019                                    *s/ Damon R. Leichty*
                                                    Judge, United States District Court