UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB L. PRAWAT,<br><br>          Plaintiff,<br><br>         v.<br><br>JOHN T. BOYD, et al.,<br><br>          Defendants. | CAUSE NO.: 3:19-CV-1082-RLM-MGG |

OPINION AND ORDER

Jacob L. Prawat, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Prawat alleges that correctional staff at the LaPorte County Jail maintained several policies or practices that amounted to cruel and unusual punishment, including lack of recreation equipment, forcing inmates to sleep on the floor, placing three inmates in a two-person cell, diets of less than two

thousand calories per day, lockdowns for thirteen hours per day, cleaning only once per day, allowing haircuts and nail clipping only once per month, imposing collective punishment, slippery shower shoes, and dusty air ducts. Though Mr. Prawat doesn't say how long he endured these conditions, he alleges that he arrived at the jail on July 26, 2019, and, during the pendency of this lawsuit, he has notified the court that he transferred to the Indiana State Prison on or around February 6, 2020.

Based on these allegations, Mr. Prawat asserts an Eighth Amendment claim regarding the conditions of his confinement. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." Id. Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006), but "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and inmates shouldn't expect the "amenities, conveniences, and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). Considering the cumulative allegations, the complaint plausibly suggests that Mr. Prawat was subjected to unconstitutional conditions of confinement. See Budd v. Motley,

711 F.3d 840, 843 (7th Cir. 2013) ("In combination, therefore, the conditions that Budd alleges at the jail state a valid conditions-of-confinement claim.").

Mr. Prawat names Sheriff Boyd, Captain Ott, and Sergeant Wilcher as defendants. In many areas of the law, an employer is liable for an employee's wrongful conduct in the course of the employment, but there is no such liability under § 1983. Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." Hill v. Shelander, 924 F.2d 1370, 1372 (7th Cir. 1991) "[A]n official capacity suit will be presumed when the indicia of an official policy or custom are present in the complaint." Id. at 1373. To pursue a claim under Section 1983 against a local governmental entity, a plaintiff must show that his constitutional injury was the result of that entity's official policy or practice. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. Prawat's complaint doesn't indicate that the defendants were personally involved but instead speaks in terms of policies or practices. Therefore, Mr. Prawat can't proceed against the defendants in their individual capacities but can proceed on a claim for money damages against Sheriff Boyd in his official capacity.

Mr. Prawat also alleges that, on July 26, 2019, correctional staff escorted him into the jail in a way that caused him pain and didn't feed him lunch. Mr. Prawat doesn't suggest the personal involvement of any defendant or identify a

policy or practice that resulted in a violation of his constitutional rights, so he can't proceed on these allegations.

For these reasons, the court:

(1) GRANTS Jacob L. Prawat leave to proceed on an Eighth Amendment claim for money damages against Sheriff Boyd in his official capacity for maintaining a policy or practice that subjected him to unconstitutional conditions of confinement, as set forth in the complaint, at the LaPorte County Jail from July 26, 2019, to February 6, 2020;

(2) DISMISSES Captain Ott and Sergeant Wilcher;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process Sheriff Boyd at the Laporte County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Boyd to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Jacob L. Prawat has been granted leave to proceed in this screening order.

SO ORDERED on May 30, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
