UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB L. PRAWAT,

    Plaintiff,

    v.      CAUSE NO. 3:19-CV-1082-RLM-MGG

JOHN T. BOYD,

    Defendant.

## OPINION AND ORDER

Jacob L. Prawat, a prisoner without a lawyer, proceeds on an Eighth Amendment claim for money damages against Sheriff John T. Boyd in his official capacity for maintaining a policy or practice that subjected him to unconstitutional conditions of confinement at the LaPorte County Jail from July 26, 2019, to February 6, 2020. The alleged conditions include lack of recreation equipment, forcing inmates to sleep on the floor, placing three inmates in a two-person cell, diets of less than two thousand calories per day, lockdowns for thirteen hours per day, cleaning only once per day, allowing haircuts and nail clipping only once per month, imposing collective punishment, slippery shower shoes, and dusty air ducts.

Sheriff Boyd filed a motion for summary judgment, arguing that Mr. Prawat didn't exhaust his administrative remedies because he didn't complete the grievance process with respect any of the conditions alleged in the complaint. Sheriff Boyd also provided Mr. Prawat with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure

56 and Local Rule 56-1. ECF 15. The notice informed Mr. Prawat of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendant, the court could accept those facts as true. See Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. See Fed. R. Civ. P. 56(a). The court extended the response deadline at Mr. Prawat's request, but he didn't file a response.

Captain Ott, assistant jail commander at the LaPorte County Jail, attested in his affidavit that a grievance process is available to inmates though kiosks. The grievance policy sets forth a four-step grievance process and lets inmates submit grievances "concerning any matter felt to be unjust or not in keeping with jail standards." ECF 16-3 at 8-9. First, the inmate must try to resolve the concern with a jail deputy or by filing a pre-grievance at the kiosk for the shift supervisor's review. Id. If the inmate can't resolve the concern with these staff members, he may file a formal grievance at the kiosk for the midnight shift corporal's review. Id. If the inmate is dissatisfied with the determination on a formal grievance, he may submit an appeal to the assistant jail commanders. Id. Finally, if the inmate is dissatisfied with the assistant jail commander's determination, he may appeal it again for review by the sheriff, jail commander, or a designee. Id.

The jail's grievance records show that Mr. Prawat submitted more than a hundred grievances during his six-month term at the LaPorte County Jail. He completed the grievance process with respect to only three concerns: (1) an inadequate serving of chips on a dinner tray; (2) the method used to disinfect hair clippers; and (3) the absence of a coffee pot.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners must exhaust available administrative remedies before filing lawsuits in federal court. 42 U.S.C. § 1997e(a). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

The record indicates that a grievance process was available to Mr. Prawat but that he didn't complete the grievance process with respect to any of the conditions alleged in the complaint. Because Mr. Prawat didn't exhaust his available administrative remedies with respect to his Eighth Amendment claim, the motion for summary judgment is granted. No claims remain in this case. Consequently, this case is dismissed without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 14);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on November 25, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT